MARTHA HUNT by SAMUEL CLARK her Guardian *v.* CHESTER LEE, DAVID STREETER & ELI LEE.

An idiot, under guardianship, is not liable to be assed and taxed for money on hand or money due.

TRESPASS on the case.

Martha Hunt of Vernon, in the county of Windham, a minor, under the age of eighteen years, by Samuel Clark of Brattleboro,' in said county, her guardian and next friend, in her declaration, alleged, that the defendants, as listers for said town of Vernon, for the year next following the 7th day of March, 1836, duly appointed and sworn, on the first day of June, 1836, at said Vernon, did assess and set to the name of the said Martha, in the general list of the said town of Vernon, the sum of four thousand dollars, at six per cent, amounting to two hundred and forty dollars, as money of the said Martha, on hand or at interest; that said listers, afterwards, on the tenth day of Dec. 1836, returned said list to the town clerk's office, in said Vernon; that a town tax was legally voted by said town of Vernon, of three cents on the dollar upon said list; that a rate-bill was duly made, in pursuance of said vote, by the selectmen of said town, and a warrant duly issued to the collector of said town to collect the same, and that the tax in said rate-bill, against the said Martha, amounted to $7,20.

And the said Martha further alleged, that a tax of three cents on the dollar was raised on said list, by virtue of an act of the legislature, for the support of common schools, and that a rate-bill and warrant for the collection of the same was duly made out, and delivered to the collector of said town of Vernon, and that said last mentioned tax against said Martha amounted to the further sum of $7,20; that a further tax of three cents on the dollar, on said list, was raised by an act of the legislature, at their October session, 1836, for the support of the government; that the Treasurer of the the State duly issued his extent to the constable of said Vernon, for the collection of said State tax, and that the said State tax against said Martha amounted to the further sum of $7,20; that she, the said Martha, on the first day of April, 1836, for many years before, and ever since, had been an *infant* and an *idiot,* and *non compos mentis,* and was

then, and to the time of bringing this suit, the ward of the said Samuel Clark, who, on the 6th day of November, 1833, was duly appointed guardian of the said Martha, by the probate court for the district of Marlboro' and that the said Samuel had, from the time of his appointment as aforesaid, ever since continued to be, and was, at the time of the commencement of this suit, guardian of the said Martha, of all which the defendants had notice; that on the 10th day of March, 1837, Isaiah W. Johnson, who was then constable and collector of said town of Vernon, having said warrants and extent in his hands for collection, by virtue thereof arrested the body of the said Martha, and imprisoned and detained her until she was compelled to pay the sum of $24,72, being the amount of said taxes against her, and the costs thereon, and did pay said sum to obtain her enlargement and liberty.

To the declaration of the said Martha the defendants pleaded the following plea in bar;—

"That the said plaintiff ought not to have and maintain
" her action aforesaid, against them, the defendants, because
" they say,—that, after having been chosen and appointed
" listers, as the plaintiff hath alleged, and after having been
" duly qualified as the law directs, afterwards, to wit, on the
" 9th day of April, 1836, at said Vernon, they did post up a
" notification, in three of the most public places in said town,
" therein warning all the inhabitants, liable to pay rates or
" taxes, to exhibit and deliver to the said listers, or some one
" of them, on or before the first day of May, then next fol-
" lowing, true lists of their money on hand, and money and
" debts due, and also all bank and insurance stock, actually
" paid in, on which they were liable to pay rates or taxes in
" said town, of which they were possessed, or did own on
" the first day of April of said year.  And the said Martha
" was then and there an inhabitant of said town, and liable to
" pay rates or taxes therein, and did own and possess, on
" said first day of April, a large amount of money on hand,
" and money and debts due at interest, to wit, the amount of
" four thousand dollars, over and above the debts due from
" the said Martha; and neither the said Martha, nor any oth-
" er person for her, or in her name, did, on or before the said
" first day of May, or on any day thereafter, exhibit and de-

" liver to the listers, or some one of  them, a true list  of  the
" money on hand, and money and debts due, which she own-
" ed and posssessed in said Vernon, on said first day of April.

" And said listers did, thereupon, afterwards take measures
" to ascertain the amount  of such money  and debts, owned
" and possessed by her on said first day of  April, and did as-
" certain such amount to be  four thousand dollars, and there-
" upon, afterwards, to wit, on the first day of June,1836, they
" did assess to the list of  said Martha, and insert therein the
" said four thousand  dollars, so owned and possessed by her,
" as subject  to  taxation, with  the said assessment, and the
" name of  the said Martha annexed, arranged in alphabetical
" order, and in separate columns, and did afterwards, to wit,
" on the day and year last aforesaid, lodge  the same with the
" town clerk of  said Vernon ;  and afterwards, to wit, on  the
" 30th  day  of  June, 1836,  the said listers, at said Vernon,
" did give notice to  said Martha and her said guardian, that
" she was so assessed, and that the  amount of said assess-
" ment was two  hundred and  forty  dollars, upon said four
" thousand  dollars, at interest as aforesaid : for which prop-
" erty and money at interest, the said Martha, by the laws of
" of this State,  was liable  to be assessed, rated and taxed ;
" and this the defendants are ready to verify ;  wherefore they
" pray judgment if the plaintiff ought to  have or maintain
" her  aforesaid action  thereof against  them, and for their
" cost."

To which plea  the plaintiff demurred,  and the  county
court  rendered a  judgment, that  said plea  was sufficient in
law,  to preclude the  plaintiff from  having and maintaining
her said action against the defendants, and the  plaintiff ex-
cepted.

*Wm. C. Bradley,* for plaintiff.

It is contended that  no general  liability arises from the
leading  sections of the  listing  and collection acts.   Stat.
Vol.  I. p. 400. Vol. II. p.  70, unless it  is  created by some
of the subsequent sections, and in this they are  analagous to
the poor law,  which, at  the outset,  enacts that every  town
shall support its own poor—words which it  has been adjudg-
ed create of themselves no farther obligation than to support
them in the manner pointed out by the statute.   *Middlebury
v. Hubbardton,* 1 D. Chip.  207.   Because, as justice Deni-

son remarked, in 2 Burr. 1157; "it is a rule, that upon a
"new statute, which prescribes a particular remedy, no rem-
"edy can be taken but the particular remedy prescribed by
"the statute. Therefore, clearly, no action will lie for a poor's
"rate." According with this are the decisions of C. J. Par-
sons, in *Caldwell* v. *Eaton*, 5 Mass. R. 403, and *Andover
& Medford Turnpike Co.* v. *Gould*, 6 Mass. R. 40.

As the liability must rest on the provisions and remedies in
the statute, if those provisions and remedies are improper and
inapplicable to the case of the plaintiff, it follows that cases
like hers were not intended to be included.

And it is no objection to say that in such case there may
be property exempt from taxation, such being already the
case with funds belonging to estates in the hands of adminis-
trators, and various kinds of property connected with manu-
facturing and other corporations. Nor is inequality an ob-
jection, as the acts do not proceed on that principle. These
questions belong to another place, as was decided by the su-
preme court of Connecticut, in the case of *Hartford Ins. Co.*
v. *Town of Hartford,* 3 Conn. R. 15.

In judging of the propriety and applicability of the statute,
we must not only examine its provisions, but compare them
with the situation of the plaintiff, who is set forth to be not
only a minor, but an *idiot*, and *non compos*. An idiot is presu-
med, in law, incapable of ever obtaining reason, or taking care
of himself, and, therefore, the crown takes his person and
property, not as trustee, but as absolute *parens patriæ*, and
its proceedings are not in chancery, but under the privy seal,
and it is entitled to the surplus profits, without account, al-
though it has been the practice to give them up to the legal
representatives, on application, as a matter of form, as is
done under our statute as a matter of course. 4 Co. 126.
F. N. B. 232. Sch. & Lef. 153. 1 Ridgeway's Par. Cas.
515, 520. 2 Saund. R. 332. 1 Bl. Com. 303.

An idiot is presumed incapable of discretion or malice—
of ever having the management of any property, or doing
any thing in relation thereto, and, as would seem to follow,
of discharging any duty, public or private. The law at once
and forever takes from him all possible custody of property,
and gives to others the entire keeping and custody of his
person.

It has been adjudged, that a person liable to pay a tax, and not paying the same, is an *offender*, punishable by warrant of distress. 1 Bl. R. 285, and our own statute, 1 Vol. p. 402, characterizes him as a *delinquent*, which is synonimous. Now, an infant even, is not to be punished for a non-feazance, or in a case where imprisonment is directed, collaterally, by an act of parliament, unless he is expressly named in the act, as is the case in the militia acts of this State. 3 Bac. Ab. (Wilson's Ed.) 591. H. H. P. C. 20, 21. Hawk P. C. c. 64, § 5. Co. Litt. 246, 8.

It was long supposed that an infant ward in socage, bound by reason of his tenure to repair a bridge, was an exception to this rule, but it has recently been determined, that in his case the proceedings must be against the guardian, only, who has the occupancy of the estate. *Rex* v. *Sutton*, 5 N. & M. 353.

. The absurdity and hardship of the common law, in imprisoning a lunatic for debt, has pressed with so much force on the English Judges, that Chancellor Kent seized hold of the circumstance, that the New York statute, like ours, authorizes a sale (which the English law does not) of the estate in the guardian's hands, for the purpose of meeting the liability, to decree that no remedy existed in such case by action, but the creditor must apply to the court which controlled the guardian. *Brasher* v. *Van Cortlandt*, 2 J. C. R. 402. And our own statute seems to contemplate no *subsequent* liabilities of the ward, when it makes the guardian liable out of the estate, only, for his debts contracted previous to the guardianship. Stat. 357, § 106,

If the steps prescribed by the statute to be taken, for the purpose of ascertaining the "just and reasonable" amount of the list, are such as the plaintiff cannot be supposed able to comply with, in any case, she is not within the intent of the statute, however she may be within the "generality of the letter," and as she can have no remedy here for an unjust and unreasonable listing, but by a disclosure on oath, which she cannot possibly make, and which an infant even is not supposed, in law, to have the means of making—to bring her within the scope of the statute would be ascribing an unjust and unreasonable meaning thereto. Plow. 354.

It may be said that the disclosure can be made by the guar-

WINDHAM,
February,
1838.

Hunt
v.
Lee et al.

dian. The statute does not require it of him, and the words of the act being personal, do not fit him, unless he is taxed himself. *Such person* does not mean *such like* person, but the *same* person. *Paine* v. *Ely,* 1 D. Chip. 39.

*Daniel Kellogg* and *John Phelps,* for defendants.

I. Is the property set in the list to Martha Hunt, liable to be listed ?

1. It is believed that all money over and above the debts of the owner, is liable to be listed. See statute. 2 Vol. 73.— See 5.

2. The law is general, making no distinction between minors and persons of full age. It is believed that all property which is made the subject of taxation, should be taxed, and that such is the intention of the law.

3. If the minor has real estate, has it ever been doubted that it is subject to taxation ? And if that is liable to be taxed, is not the money of the minor upon the same principle ?

II. Is this property to be taxed in Vernon, the residence of the ward, or in Brattleboro the residence of the guardian ?

1. It is an admitted *general principle,* that personal property follows the owner, and is liable to be taxed where he resides ; and it is insisted that the facts in the present case, as set forth in the plea, do not bring the case within any of the exceptions to the general rule.

2. It is insisted that the minor is the owner of the money and not the guardian, and that the ward, in contemplation of law, is in possession of the property. Guardians are mere trustees, holding the property, not in their own right as owners, but in their representative character.

III. But it is said that the assessment should be made upon the guardian and not upon the ward, but we insist, that in all cases of personal property, except such as are specified in the statute, the assessment should be to the owner.

1. The statute makes the *owner* liable to be assessed, and in the present case, the law does not authorize the assessment upon any other one.

2. Having shown the ward to be the owner, we insist that the assessment was rightly made to her.

3. If made to the guardian it would be the means of evading the law, for the guardian would take the oath prescribed by the statute. Statute Vol. 2, 76.

He could and must swear, that he owed the money to his ward. The listers must then release this money, and the same would, by that process, be discharged from taxes.

But it is said that this ward is an idiot, and therefore cannot take the oath for relief, if over assessed. The same may be said of the infant of tender years, and the old man in his dotage, but is their property, for this cause, to be exempt from taxation ?

The opinion of the court was delivered by

WILLIAMS, C. J.—By the declaration and pleadings, it appears that the plaintiff is an infant and an idiot, residing in the town of Vernon, placed under the guardianship of Mr. Clark who resides in the town of Brattleboro, that she was assessed by the defendants, as listers of the town of Vernon, for money on hand, or money and debts due, in consequence of which, there has been collected from her, for taxes, the sum of twenty four dollars, by imprisonment of her person. The question is, whether a person like her, is liable to be thus assessed. The general terms of the act declaring that the polls, estate and property of the inhabitants of this state, shall be set in the list and be liable to the payment of rates or taxes, are sufficiently comprehensive, to embrace the case of the plaintiff. It is highly reasonable that she, who in her helpless state enjoys the protection of the government, for her person and property, should, if of sufficient ability, contribute towards the expense of maintaining the government. Still, if the legislature have not provided for such cases, or if the law which they have enacted, cannot be extended to a case like the present, without manifestly violating plain and obvious principles, it is not for the court to supply the omission. If the system providing for the assessment and collection of taxes, is not applicable to a person situated like the plaintiff, it belongs not to the court to make a different system, for the purpose of meeting the contingency, however just, proper or equitable it might be. If by the generality of the terms of the statute, the plaintiff may be considered as within the letter, yet, if she is absolutely and utterly unable to comply with its requirements, and cannot have the same

remedy and redress, if she is injured, which other citizens have, the " violence of the letter," must be mitigated by a reasonable construction, and it must be considered that the legislature designedly omitted to subject her by the general terms made use of. It was said by Plowden, that when " Acts of Parliament enjoin the doing of any thing which " requires sound and perfect reason in the execution of it, " the makers of the act do not intend it to be done by " those who have not perfect reason, for if so, their law " would be utterly against reason, for to insist that an infant " or man of unsound mind, who have no reason, but live in " ignorance invincible, shall use reason, or else lose their in- " heritance, would be very unreasonable, which is never to " be presumed of the legislature." The plaintiff is an idiot, presumed in law, not to have any understanding or glimmering of reason, and never likely to obtain any. If she is liable to be assessed and taxed, she may be imprisoned for non-payment, she must submit to such assessments as may be made, and cannot avail herself of any of the provisions of the statute, in case of an improper or unjust assessment. The payment of the tax, must be enforced against her, personally, as there is no other mode of collecting taxes, except by levy on the property, or body, of the person set in the list.

On examining the act, in relation to the principles on which the list of the state is to be made, we find, that if any person on the first day of April, shall have money on hand, or money due, &c. Although an idiot may have money due, yet, he cannot have any on hand, as it is all directly placed in the custody, and under the control of the guardian. If this difficulty might possibly be obviated by a construction of the statute, yet, there are others which appear insurmountable. The person, having such money on hand or due, is required to exhibit, and deliver to the listers the amount thereof, on or before the first day of May. This an idiot cannot do. The listers are required to notify all persons to exhibit and deliver to them true lists, &c., either by setting up a notification, or in case such notification is not set up, by a personal demand. An idiot is incapable of receiving such notice. The listers are required to lodge with the town clerk, on or before the twentieth day of June, a list of

all the assessments made by them, for the perusal and inspection of the persons assessed. An idiot can neither understandingly peruse nor inspect such list. If any person shall think himself over assessed for money on hand, he may apply to the selectmen, and make a disclosure on oath, what sum is due to him, which disclosure, made in writing, shall be taken and deemed the true sum in which such person shall be assessed. This important provision of the statute, is wholly a dead letter as to idiots. They know not the nature or obligation of an oath, and cannot disclose, either in writing or otherwise. All these acts and duties are personal, and cannot be performed, either by attorney or guardian. If it should be said, that the guardian may give in the list, and receive the notices before mentioned, it will be answered, that the law does not require or contemplate it, nor could he take the oath, before referred to. It results from this view, that although the plaintiff may be embraced by the letter of the statute, requiring all persons to exhibit their lists, &c., yet, it must be held that she was not intended, as she is void of reason and understanding. Several instances might be mentioned, where the terms made use of in a statute are equally general and comprehensive, and yet cannot be considered as intending to embrace persons in the situation of the plaintiff. *Any person*, upon whom a subpœna is served, must appear and testify, or be subject to a penalty; yet this cannot intend an idiot, incapable of receiving a subpœna. Several cases of a similar kind, are enumerated by Plowden, 264.

The statute in question, being inapplicable to the plaintiff, in all its provisions, both in the assessment and collection of the tax, it follows that she was wrongfully assessed, and must recover in this action. It is not a question before us, whether the assessment could be made against the guardian, or whether it is *casus omissus*. In the case of *Payson* v. *Tufts and others*, 13 Mass. 493, it was holden that the property of *minors* was liable to be assessed in the public taxes, and that it was to be set to the guardian personally. This, however, appears to have been determined, from the words of the tax act, where it was contemplated that property might be assessed to a guardian. It would be obviously more reasonable to assess the property to the guardian

rather than the infant or idiot, but whether our statute is not equally defective in this particular, it is not for us to say. It is sufficient, that we are satisfied that the ward is not personally liable.

The judgment of the court is, that the plea in bar is insufficient.